UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL GOODWIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:13-CV-636-CDP |
| UNITED STATES GOVERNMENT, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Michael Goodwin for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court

may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff brings this action for unspecified monetary relief pursuant to 42 U.S.C. § 1983. The named defendants are the United States Government, Carol Jackson (United States District Judge), Antoinette Decker (Assistant United States Attorney), and John Ross (United States Probation Officer). Plaintiff's allegations arise out of the proceedings in *United States v. Goodwin*, No. 4:01-CR-173-CEJ (E.D. Mo.), a criminal action in which he was a named defendant. Specifically, plaintiff alleges that defendants Decker and Ross misled him into pleading to two different types of illegal drugs, and that he was fraudulently sentenced to 151 months in prison.[1] Plaintiff claims

---

[1] The Court's records indicate that the Honorable Donald J. Stohr sentenced Michael Goodwin on November 30, 2001, and that the case was transferred to the Honorable Carol E. Jackson on January 2, 2011, upon Judge Stohr's retirement. *See United States v. Goodwin*, No. 4:01-CR-173-CEJ (E.D. Mo.). The records further indicate that on February 23, 2011, Judge Jackson denied Goodwin's petition for a writ of mandamus to compel the U.S. Probation Office to amend its presentence report.

that Judge Jackson "has refused to order [his] release from [his] unlawful sentence" and that defendants' "deliberate and malicious actions" violated his constitutional rights.

**Discussion**

At the outset, the Court notes that all defendants in this case are federal actors. As such, the Court will liberally construe this action as having been brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a plaintiff must first prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Because plaintiff does not allege, nor does it appear, that his conviction or sentence has been reversed, expunged, invalidated, or called into question, his claims are barred by the United States Supreme Court's holding in *Heck*, and this action will be dismissed accordingly.

---

Thereafter, on October 26, 2011, Judge Jackson denied Goodwin's motion to take judicial notice of an adjudicated fact and motion for counsel, as well as his 18 U.S.C. § 3582 motion to reduce sentence. On February 7, 2012, she denied his motion for reconsideration. Goodwin appealed, and on February 28, 2012, the United States Court of Appeals for the Eighth Circuit affirmed. On July 10, 2012, Goodwin filed another § 3582 motion, which Judge Jackson denied.

As additional grounds for dismissing this action, the Court notes that plaintiff is suing the individual defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, the court must interpret the pleading as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Suits brought against federal officials in their official capacities are, in essence, suits against the United States of America. Because the doctrine of sovereign immunity prevents courts from exercising subject matter jurisdiction over the United States, lawsuits against officers in their official capacities are typically barred, as well.[2] As such, plaintiff's claims against all defendants are legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).

Moreover, the complaint is frivolous as to Judge Jackson, because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). The complaint is also frivolous as to defendant Decker, because a prosecutor is immune from personal liability from actions related to the

---

[2]Plaintiff does not allege, nor does it appear, that the United States has consented to be held liable for constitutional violations such as those presented in this action.

performance of his or her public duties, including presenting evidence before a grand jury, obtaining criminal complaints and warrants, prosecuting a case, and other actions undertaken as an advocate for the government. *See Burns v. Reed*, 500 U.S. 478, 485–92 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 420–31 (1976).

For these reasons, this action will be dismissed pursuant to § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 30th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE